# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 20-40481
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY EARL BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CR-41-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Timothy Earl Brown was found guilty by a jury of being a felon in possession of a firearm and a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court imposed an upward variance and sentenced Brown to 60 months of imprisonment, followed by three years of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40481

supervised release for each count to run concurrently. Brown now appeals his sentence for procedural and substantive reasonableness.

First, Brown argues that the district court procedurally erred when it imposed a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. At sentencing, the district court found that Brown repeatedly told his mother to let court or law enforcement authorities know that she had hidden the firearms in the woods and that the firearms did not belong to him. The district court reasonably inferred that Brown was attempting to suborn perjury from his mother, as he told his mother to appeal to an authority figure to establish a defense against his charges. *See* § 3C1.1; *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014). The finding of obstruction is particularly plausible in light of Brown's suggestion to his mother that his charges would then be dropped, he would receive a mental health evaluation and treatment, and he would be able to see and raise his son. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Accordingly, Brown has failed to show that the district court clearly erred in applying the § 3C1.1 enhancement. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Next, Brown argues that the district court abused its discretion when it imposed an upward variance. The district court stated that it considered the 18 U.S.C. § 3553(a) factors, and the record reflects the same. The record also does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court did not abuse its discretion by considering Brown's prior unadjudicated arrests, which were supported by sufficient evidence to corroborate their reliability, and there is no indication that it

2

considered Brown's bare arrest record.  *See United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012); *United States v. Johnson*, 648 F.3d 273, 277-78 (5th Cir. 2011); *see also United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013).  Moreover, the record reveals that the district court did not base the sentence solely on Brown's arrests, nor did it give significant weight to Brown's arrest record.  Ultimately, Brown's argument amounts to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do.  *See United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017).  Under the totality of circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors, the extent of the variance, and the district court's reasons for its sentencing decision, the sentence was reasonable and was not an abuse of discretion.  *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); *Hernandez*, 876 F.3d at 166; *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The judgment of the district court is AFFIRMED.